NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL CHATMON, <br><br> Defendant. | No. 2:18-cr-00192-WHW <br><br><br> OPINION AND ORDER |

On November 16, 2017, the Government filed a Complaint accusing now-Defendant Michael Chatmon of distribution of and possession with intent to distribute cocaine. ECF No. 1. Defendant pled guilty on September 18, 2018, ECF Nos. 16, 19, and was sentenced by this Court on November 14, 2018 to 75 months in prison, ECF Nos. 24, 25. Defendant now moves for clarification of his sentence, arguing that he should receive credit towards his current sentence for time served arising from a since-dismissed state offense (the "Motion"). ECF No. 28. The Government opposes on the grounds that only the Bureau of Prisons (the "BOP") may grant credit for pre-sentence detention. ECF No. 39. For the reasons set forth below, Defendant's Motion is denied.

Defendant was incarcerated on a state charge on July 14, 2017. ECF No. 28-1 (Def. Opening Br.). While still in custody, Defendant was arrested on federal charges on November 28, 2017; he remained incarcerated in the same facility. ECF No. 30 (Def. Reply Br.) at 1. Defendant's state charges were later dropped, ECF No. 28-1 at 1, and he remained in state custody until March 28, 2018, at which time he was "rolled over into federal custody[.]" ECF No. 30 at 3. According to the Government, Defendant will not receive credit for any of the time

served prior to March 28—neither the 138 days between his state and federal arrests, nor the 122 days between the federal arrest and his "roll[] over" into federal custody. *Id.*

Defendant moves the Court to "clarify[]" his sentence by ordering the BOP to grant him credit for the 260 days served between his initial state arrest and his transfer into federal custody—or at least the 122 days following his federal arrest. ECF Nos. 28, 30. He does not explain, though, under what authority the Court would be able to enter such an order. Defendant's only support for his request is a similar order entered by another court in this District. *See* ECF 28-2 Ex. A (Order in *United States v. Rashard Johnson*, 16-cr-181 (D.N.J. Nov. 13, 2018)). But unlike in this case, the Government in *Johnson* consented to the entry of the order clarifying the defendant's sentence. *Id.*

The Government here objects to Defendant's request, correctly noting that only the BOP has the power to grant credit for time served. ECF No. 29 (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). As the Supreme Court explained, "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence . . . , and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Wilson* 503 U.S. at 335.

Defendant responds by admitting that the Court is powerless to order the BOP to credit him for time served: "The Bureau of Prisons will do what they will do, whether or not [the Court] enters the [requested] Order[.]" ECF No. 30 at 2. Yet he asks the Court to enter the Proposed Order anyway, ECF No. 30-1, because "[a]t least if the Order is entered they will be aware of the problem and will consider the time spent in jail by Mr. Chatmon, without credit off any sentence." ECF No. 30 at 2. Defendant is requesting an advisory opinion—a decision on a

"question[] that cannot affect the rights of litigants in the case," *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)—which this Court has no power to give. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions."); *accord Policastro v. Kontogiannis*, 262 F. App'x 429, 433 (3d Cir. 2008) (affirming dismissal where "no available remedy would redress [Plaintiff]'s suit"). The Court will not issue an order that the BOP need not follow.

That said, the Government does not dispute that Defendant has not been credited for any of the 260 days he spent in custody between his initial arrest and his formal move into federal custody. *See* ECF No. 30. Nor does the Government contend that Defendant should not be credited for that time – its arguments are limited to the Court's power to grant credit. Consequently, the Court will recommend that the BOP grant Defendant credit for time served prior to March 28, 2018. *Cf. Jackson v. United States*, 232 F. App'x 88, 90 (3d Cir. 2007) (per curiam) (discussing district court's recommendation of credit for time served); *Bailey v. Nash*, 134 F. App'x 503, 506 (3d Cir. 2005) (analyzing district court's "non-binding recommendation for the BOP to award credit [for time served]—if appropriate—under [18 U.S.C.] § 3585(b)").

**IT IS, THEREFORE**, on this __1st__ day of April 2019,

**ORDERED** that Defendant's Motion (ECF No. 28) is DENIED; and it is further

**ORDERED** that the Court recommends that the BOP credit Defendant for time served between July 14, 2017 and March 28, 2018.

_____
WILLIAM H. WALLS
United States District Judge

3